JANE THOMPSON v. WESTERN UNION TELEGRAPH COMPANY.

No. 1757.

Telegraph Company—Delivery of Message Sent in Care of Another.—Where B. had instructed the telegraph company's agent to send by the 'bus driver, for delivery, any messages addressed to him (B.), this did not authorize the delivery in that manner of a message addressed to another person in care of B.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*William M. Knight* and *S. R. Carruth*, for appellant.—When a telegram is addressed to one person in care of another, the person in whose care it is addressed is made the agent of the addressee for the purpose of receiving the message, and for that purpose only, and the delivery of the message by a telegraph company to an agent of the person in whose care it is addressed will not constitute a delivery to the person in whose care it is addressed; because, the trust being a personal one, it can not be delegated to another unless special authority of substitution has been given. Tel. Co. v. Young, 77 Texas, 345; Tel. Co. v. Houghton, 17 S. W. Rep., 846.

*Field, Brown & Camp,* for appellee.—The delivery of a message to a person requested or authorized to receive it by the party in whose care it is directed, is a good delivery; and the rule that the trust is a personal one, and can not be delegated, if it exists, does not apply in a case like this. Tel. Co. v. Young, 77 Texas, 245; Tel. Co. v. Cullers & Henry, 3 Willson's C. C., sec. 289.

STEPHENS, ASSOCIATE JUSTICE.—In the afternoon of September 19, 1889, the following message was taken from the wires by appellee's agent at Meridian, Texas: "To Jane Thompson, care of Mr. Blanton, Meridian, Texas: My wife died at one o'clock. Let parents know. Lewis Tiedman." It had been sent from Dallas, where the sender lived, and was designed to enable appellant, the sister of deceased, as well as the parents, to attend the funeral. The failure to deliver it promptly defeated this purpose.

Mr. Blanton, who was a banker at Meridian, had an understanding with appellee's agent at the latter place to the effect that any messages addressed to him might be intrusted to persons passing from the depot to town, including the 'bus driver, for delivery to him. That was done in this case, but the 'bus man negligently failed to deliver the message till the next day, after the last available train had pulled out for Dallas.

The court promptly charged, that it was incumbent on appellee to use such diligence to deliver the message to Mr. Blanton as a person of ordinary prudence would have used under like circumstances; but in that connection submitted, apparently as a qualification of the charge, the issue of Blanton's having previously authorized appellee to send his messages by any person who might be passing from the telegraph office to the town of Meridian.. The theory of appellant on this branch of the case was embodied in two special instructions requested by her counsel, either of which might properly have been given. Of these, and because of its brevity, we quote the second, reading: "Even if you should believe that Mr. Blanton had selected an agent authorized to receive his own private messages, a delivery of the telegraph company to such an agent of a message designed for some one else in care of Mr. Blanton would not be a delivery to Mr. Blanton."

The error assigned to the refusal of both these charges is well taken. One or the other of them should have been given, especially in view of the qualifying feature of the charge above alluded to, also complained of. The contract was made at Dallas between appellee and Tiedman, for the benefit of appellant. Blanton was in no sense a party to it, or interested in it. Hence he had no power to waive the personal delivery which it imposed on appellee in behalf of appellant. The undertaking was not to deliver the message to Blanton or some person appointed by him to receive it, but to Blanton himself or appellant, and to no one else.

It was the duty of the court to construe the contract and inform the jury what would constitute a delivery within its meaning; but whether, under all the circumstances, the proper diligence had been employed to make such delivery, was an issue of fact for the jury.

The further contention of appellant, that the evidence did not warrant the submission of physical suffering as an element of damages, and that in requiring the jury to find for appellant on that with other issues before they could return a verdict for her, the charge was also erroneous, seems to be well founded.

We do not agree with appellee that, under the evidence, no verdict could have been rendered in favor of appellant. But in view of another trial, we abstain from a discussion of the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 13, 1895.